McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:07-CV-01265 LEW-JFM |
| | ) | |
| Plaintiff, | ) | STATUS REPORT AND |
| | ) | REQUEST FOR STAY AND ORDER |
| v. | ) | THEREON |
| | ) | |
| 2006 CHRYSLER 300 LIMITED, | ) | |
| VIN: 2C3KA53G06H145110, | ) | |
| LICENSE NUMBER 5NWX410, | ) | DATE: N/A |
| | ) | TIME: N/A |
| Defendant. | ) | COURTROOM: N/A |
| _____ | ) | |

Pursuant to this Court's Order of June 27, 2007, plaintiff submits the following Status (Pretrial Scheduling) Report and Request for Stay.  Counsel for claimant contributed to the contents of this report but despite diligent efforts by undersigned counsel she has been unable to obtain counsel's signature on this document.

**A.   THE NATURE OF THE CASE:**

Plaintiff seeks to forfeit the defendant property under 21 U.S.C. § 881(a)(4) on the theory that the defendant vehicle was used to transport, or the facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance in

violation of 21 U.S.C. § 841(a)(1).  On December 13, 2006, agents from the U.S. Drug Enforcement Administration searched the defendant vehicle under the authority of a federal search warrant and found amphetamine, cocaine base, hydrocodone tablets, papers that appear to documents outstanding drug debts, and a digital electronic scale in the vehicle.

**B.    PROGRESS IN THE SERVICE OF PROCESS:**

The registered owners of the vehicle, Joanne Rudulph and Cleo Johnson, were personally served with the Complaint for Forfeiture <u>In</u> <u>Rem</u>, Notice of Complaint, Application and Order for Publication, and Court Notices on June 28, 2007.  In addition, the above-described documents were sent by certified mail to the registered owners on June 28, 2007.

Only Cleo Johnson filed a claim to the property, but both Johnson and Rudulph filed an Answer to the Complaint on July 30, 2007.  State drug charges are pending against Rudulph and she is currently set to go to trial on those charges on October 4, 2007.

**C.    POSSIBLE JOINDER OF ADDITIONAL PARTIES:**

None.

**D.    ANY EXPECTED OR DESIRED AMENDMENT OF PLEADINGS:**

None.

**E.    JURISDICTION AND VENUE:**

This Court's jurisdiction is based on 28 U.S.C. §§ 1345 and 1355.

**F.    ANTICIPATED MOTIONS AND THE SCHEDULING THEREOF:**

Plaintiff has advised Rudulph's attorney that she lacks statutory standing to contest this forfeiture since she failed to file a claim to the property, as required by Rule G(5) of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  Accordingly, unless Rudulph voluntarily withdraws her answer, Plaintiff will move to strike the answer.

In addition, the Plaintiff intends to file a motion for summary judgment at the close of discovery.

Claimant intends to depose the officers involved in the investigation that led to Joanne Rudulph's arrest.

Because the parties request a 90-day stay of further proceedings as set forth below, the parties do not request that a motion schedule be set at this time.

**G.   ANTICIPATED DISCOVERY AND THE SCHEDULING THEREOF, INCLUDING:**

> (1)  what changes, if any, should be made in the timing, form, or requirements for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

As of the December 1, 2006, amendments to Rule 26 of the Federal Rules of Civil Procedure, civil forfeiture actions are now exempt from the initial disclosure requirements applicable to most other civil actions.  See Fed.R.Civ.P. 26(a)(1)(E)(ii).

> (2)  the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;

Plaintiff will focus discovery on the true ownership of the defendant vehicle and how the seized drugs came to be in the vehicle.

> (3)  what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;

3

1  No changes are necessary.

2          (4)  the timing of the disclosure of expert
3              witnesses and information required by Rule
                26(a)(2);

4  The parties do not believe that non-retained percipient
5  witness experts such as law enforcement officers need to be
6  disclosed as experts, or reports produced, under Rule 26(a)(2)
7  but agree that any expert "retained or specially employed" by
8  either party shall be disclosed, and a report produced, in
9  accordance with Rule 26(a)(2)(B).  The parties agree that, to the
10 extent that drug evidence seized has been, or will be examined by
11 an employee of any state, local, or federal agency, that
12 production of the laboratory analysis, in the usual format
13 provided to criminal defendants, will satisfy the requirement of
14 the production of a "report" under Rule 26(a)(2)(B).

15     Because the parties request a 90-day stay, the parties
16 suggest that fully scheduling this case at this time is
17 premature.

18     **H.   FUTURE PROCEEDINGS, INCLUDING SETTING APPROPRIATE
                CUT-OFF DATES FOR DISCOVERY, LAW AND MOTION, AND THE
19              SCHEDULING OF PRETRIAL AND TRIAL:**

20     Because the parties request a stay they do not request that
21 the case be fully scheduled at this time.

22     **I.   APPROPRIATENESS OF SPECIAL PROCEDURES:**

23     None.

24     **J.   ESTIMATE OF TRIAL TIME:**

25     The parties estimate two days for a court trial.

26     **K.   MODIFICATION OF STANDARD PRETRIAL PROCEDURES SPECIFIED
                BY THE RULES DUE TO THE RELATIVE SIMPLICITY OR
27              COMPLEXITY OF THE ACTION OF PROCEEDINGS:**

28     None.

1  **L.   WHETHER THE CASE IS RELATED TO ANY OTHER CASE,
         INCLUDING ANY MATTERS IN BANKRUPTCY:**

3  The parties are not aware of any related case.

4  **M.   WHETHER A SETTLEMENT CONFERENCE SHOULD BE SCHEDULED:**

5  The parties do not believe a settlement conference is appropriate in this case.

7  **N.   ANY OTHER MATTERS THAT MAY ADD TO THE JUST AND
         EXPEDITIOUS DISPOSITION OF THIS MATTER:**

The parties request that all proceedings in this case be stayed for 90 days.  This stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i).  As set forth in detail in ¶ A above, the plaintiff contends that the defendant vehicle was used to facilitate violations of the Controlled Substances Act.

Joanne Rudulph, one of the registered owners of the vehicles, is scheduled to start trial on state drug charges on October 4, 2007.  Nevertheless, the plaintiff intends to depose Rudulph regarding her ownership of the defendant vehicle and its use in violation of federal law.  If Rudulph invokes her Fifth Amendment right, the plaintiff will be deprived of the ability to explore the factual basis for Johnson's claim that Rudulph has no ownership interest in the car (even though her name appears on title and insurance document) and the claim that the vehicle was unlawfully used without Johnson's knowledge.

Until the criminal case now pending in state court is over, Ms. Rudulph will undoubtedly invoke her Fifth Amendment right against self-incrimination and refuse to answer questions.

Claimant Johnson, the other registered owner of the vehicle

1  and Ms. Rudulph's mother, also intends to depose Rudulph to
2  obtain testimony supporting Johnson's claim that if Rudulph in
3  fact used the defendant vehicle in violation of federal law, it
4  was done without claimant Johnson's knowledge or consent. If
5  discovery proceeds at this time, Rudulph will be placed in the
6  difficult position of either invoking her Fifth Amendment right
7  against self-incrimination and losing the ability to provide
8  evidence that might help her mother, claimant Cleo Johnson,
9  pursue Johnson's claim to the defendant property, or waiving her
10 Fifth Amendment right and submitting to a deposition and
11 potentially incriminating herself.  Thus, claimant Johnson also
12 requests that this matter be stayed until Rudulph's criminal
13 matter has been resolved so that she, too, can questions Rudulph
14 at a deposition.
15      Accordingly, the parties recognize that proceeding with
16 this action at this time has potential adverse affects on the
17 investigation of the underlying criminal conduct and/or upon
18 claimant's ability to prove her claim to the property and assert
19 any defenses to forfeiture.  For these reasons, the parties
20 jointly request that this matter be stayed for 90 months.  At
21 that time the parties will advise the court of the status of the
22 state criminal charges and will advise the court whether a
23 further stay is necessary.

Date: October 4, 2007

                          McGREGOR SCOTT
                          United States Attorney

                    By  /s/ Kristin S. Door
                          KRISTIN S. DOOR
                          Assistant U.S. Attorney
                          Attorneys for plaintiff
                          United States of America

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i) for 90 days. On or before January 4, 2008, the parties will advise the Court whether a further stay is necessary.

If the parties do not request a further stay, they will submit a joint status report on January 4, 2008, addressing the issues listed in the Order Requiring Joint Status Report filed herein on June 27, 2007.

IT IS SO ORDERED.


Dated: October 4, 2007

_____
HONORABLE RONALD S.W. LEW
Senior, U.S. District Court Judge